**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO MARIN-ARIZPE, | No. 14-73326 |
| Petitioner, | Agency No. A072-278-811 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Alberto Marin-Arizpe, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order of removal.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo constitutional claims. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

Marin-Arizpe does not challenge the determination that his California Penal Code § 288(a) conviction is an aggravated felony that renders him removable. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief). This court's jurisdiction is therefore limited to reviewing colorable questions of law or constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

Marin-Arizpe's contention that the IJ violated his due process right to a full and fair hearing lacks merit, where the IJ questioned Marin-Arizpe to discover if there were any forms of relief available to him and determined there were not, and where Marin-Arizpe has not established prima facie eligibility for protection under the Convention Against Torture. *See Vilchez*, 682 F.3d at 1199 ("A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**